92 F.3d 1192
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Johnnie Ray MAHON, aka: Johnnie R. Mahon; aka: Johnny Ray
Mahon, Petitioner-Appellant,
v.
COUNTY OF LOS ANGELES, Defendant,
Terry Wilson; Burdette Harris, Defendants-Appellees.
 No. 95-55982.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Johnnie Ray Mahon, a California state prisoner, appeals pro se the district court's dismissal with prejudice of his 42 U.S.C. § 1983 civil rights action claiming that County of Los Angeles employees deprived him of due process by failing to speedily prepare his state trial transcripts for use in his state appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and reverse.
 
 
 3
 The district court dismissed Mahon's section 1983 action on the basis that he did not satisfy the four-part test for determining whether a defendant has been subject to excessive delay in the processing of his appeal as articulated in Coe v. Thurman, 922 F.2d 528 (9th Cir.1990).[1] In dismissing Mahon's action, the magistrate stated that Mahon could "prove no set of facts in support of his claims that would entitle him to relief."
 
 
 4
 If, on a motion to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleadings are presented to and relied upon by the court, the motion shall be treated as one for summary judgment, and the parties must be given reasonable opportunity to present all material pertinent to such a motion. See Fed.R.Civ.P. 12(b); Anderson v. Angelone, No. 94-15319, slip op. at 7291 (9th Cir. June 20, 1996); Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir.1995). A district court commits reversible error when it considers matters extraneous to the pleadings while treating a motion as one to dismiss rather than as a summary judgment motion. See Bonilla v. Oakland Scavenger Co., 697 F.2d 1297, 1301 (9th Cir.1982), cert. denied, 467 U.S. 1251 (1984). When a district court transforms a motion to dismiss into a motion for summary judgment, it must inform a pro se plaintiff that it is considering information outside of the pleadings and must afford the pro se plaintiff a reasonable opportunity to present all pertinent material. See Anderson, No. 94-15319, slip op. at 7292; Lucas, 66 F.3d 245, 248 (9th Cir.1995). If the pro se litigant is a prisoner, the district court is obligated to advise the litigant of the Rule 56 requirements, including the need to submit responsive evidence in opposition to summary judgment. See Anderson, No. 94-15319, slip op. at 7292; Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988).
 
 
 5
 Here, the district court relied on a declaration submitted by one of the respondents to reach its determination that Mahon did not fulfill the four-part test articulated in Coe. Therefore, the motion to dismiss was converted to a motion for summary judgment, requiring the district court to advise Mahon of the need to submit responsive evidence in opposition to summary judgment. See Anderson, No. 94-15319, slip op. at 7292. Because the district court failed to meet this requirement, we reverse the district court's judgment. See id. at 7293; Bonilla, 697 F.2d at 1301.
 
 REVERSED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The four elements a court examines are: (1) length of delay; (2) reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. Coe, 922 F.2d at 531
 
 
 [2]
 We note that despite Mahon's contention to the contrary, the district court did not abuse its discretion by failing to appoint him counsel. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). The district court found that Mahon appeared to be representing himself effectively and that Mahon had failed to demonstrate exceptional circumstances that would justify appointment of counsel; we see no reason to disturb this finding. See id